IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW D. RALSTON and<br>VICTORIA R. RALSTON, h/w<br>1121 Gravel Pike<br>Bensalem, PA 19020<br>                       *Plaintiffs*<br>v.<br><br>METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>d/b/a MetLife Auto & Home<br>700 Quaker Lane<br>Warwick, RI 02886<br>                       *Defendant* | CIVIL ACTION<br><br>No. 2:20-cv-00304-TJS |

FILED
FEB 13 2020
KATE BARKMAN, Clerk
By_____Dep. Clerk

## AMENDED COMPLAINT

Plaintiffs demand judgment against the defendant founded upon the following averments:

### Parties

1. Plaintiffs Matthew D. Ralston ("Matt") and Victoria R. Ralston ("Vicky"), husband and wife, are adult individuals who, at all times material hereto, have resided at the above-captioned address.

2. Defendant Metropolitan Property and Casualty Insurance Company (MPCIC), which regularly conducts business in Bucks County, is a business corporation apparently incorporated under the laws of the state of Rhode Island, having an office or principal place of business at the above-captioned address.

3. Defendant is the obligor under a contract of insurance ("the policy"), labeled by defendant as GrandProtect™ homeowners' policy # 6110940690, insuring Matt and Vicky.

## Jurisdiction

4. This action was filed in the Court of Common Pleas of Bucks County and was removed by the defendant.

5. Plaintiffs make no averment with regard to subject matter jurisdiction insofar as the burden of establishing same is on the defendant.

## Statement of Claim

6. A true and correct copy of the policy is attached hereto as Exhibit A.

7. The policy covers, among other things, personal and real property owned by Matt and Vicky at their above-captioned residence address.

8. Matt and Vicky are insureds under the policy as that term is defined by statutory and case law.

9. At all times material hereto, defendant has acted directly or through its agents, servants, representatives or employees ("agents"), who themselves have acted within the course and scope of their relationship with the defendant.

10. At all times and places material hereto, Matt and Vicky have fully complied with all of their obligations under the policy.

11. On or about January 21, 2019, Matt and Vicky suffered damage to their home by virtue of a fire ("the fire") which is believed to have originated from their living room fireplace, under normal and customary use.

12. As a direct, legal and proximate result of the fire, attendant smoke, and water from firefighting efforts, Matt and Vicky suffered damage and loss to the structure and contents of their home.

13. Matt and Vicky have described and documented their losses for consideration by the defendant.

14. The defendant has had full and unfettered access to the property to assess the scope and value of covered losses.

15. Investigations independently conducted by or on behalf of the defendant have fully documented and confirmed the losses suffered by Matt and Vicky.

16. In derogation of its obligations under the policy, the defendant has paid only a portion of plaintiffs' covered losses to date.

17. The defendant has denied payment for many of plaintiffs' losses, in breach of the defendant's obligations under the policy.

18.    The defendant has breached its contractual obligation to make the plaintiffs whole under the policy.

## Relief

Plaintiffs demand compensatory money damages against the defendant for all of their covered losses arising out of the casualty incident of January 21, 2019, as referenced herein, exclusive of costs and interest.

LAW OFFICES OF JOHN J. FONASH III

*/s/ John J. Fonash III*

JOHN J. FONASH III, ESQUIRE
ATTORNEY FOR PLAINTIFFS
Attorney I.D. # 34745
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA  19462
Phone:   888-355-0214
Fax:        888-457-9593
E-Mail:   john@fonashlaw.com